UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIEGO ALCANTARA,

                    Plaintiff,

          v.

OFFICE OF THE SPECIAL NARCOTICS
PROSECUTOR FOR THE CITY OF NEW
YORK UC 133, Individually and as an
undercover officer for the Office of the Special
Narcotics Prosecutor for the City of New York,
UNITED STATES DEPARTMENT OF
JUSTICE DRUG ENFORCEMENT
ADMINISTRATION SPECIAL AGENT
MARK CRANE, UNITED STATES
DEPARTMENT OF JUSTICE DRUG
ENFORCEMENT ADMINISTRATION
SPECIAL AGENT JOHN OLDANO,
UNITED STATES DEPARTMENT OF
JUSTICE DRUG ENFORCEMENT
ADMINISTRATION SPECIAL AGENT
MICHAEL DELLAMARA, and UNITED
STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT
ADMINISTRATION Group Supervisor
NICHOLAS CARUSO, all individual USDOJ
DEA Defendants are being sued in their
individual capacities,

                    Defendants.

ECF Case

No. 07 Civ. 6480 (JGK)

**DECLARATION OF DRUG
ENFORCEMENT
ADMINISTRATION
SPECIAL AGENT
MARK CRANE**

Mark Crane, pursuant to 28 U.S.C. § 1746, declares the following under penalty of

perjury:

1.    I am a Special Agent with the United States Department of Justice, Drug Enforcement

Administration ("DEA") where I have been employed for 8 years.

2.    In October 2001, I was assigned to DEA New York Division Group D-31.  I understand

that on or about October 15, 2001, a confidential source informed a member of Group D-

31 that an individual affiliated with a Colombian money-laundering organization was

seeking to launder approximately $150,000 in United States currency. I further understand that the confidential source provided a prepaid cellular telephone number for the currency courier. I understand that arrangements were made for an undercover officer from the Office of the New York City Special Narcotics Prosecutor (the "UC") to take delivery of the currency from the courier on October 17, 2001. I had no contact with the confidential source.

3.  On October 17, 2001, I was assigned to a team of DEA Agents who conducted surveillance of the currency exchange. At approximately 3:20 p.m., I observed the UC greet the courier on the corner of 94th and Broadway in New York City. The UC and the courier engaged in conversation for approximately 10 minutes before parting ways.

4.  Members of Group D-31 observed the courier drive from 94th and Broadway to a location in the Bronx, retrieve a black backpack, and then return to the area of 125th and Broadway. At approximately 5:10 p.m., the surveillance team watched as the courier delivered the duffle bag to the UC. The UC then transferred custody of the backpack to members of the surveillance team, who found that the bag contained a large amount of United States currency.

5.  The UC was wearing a recording device during his conversations with the courier. The recording device was turned over to me and I placed a copy of the recording in a locked storage facility at the DEA New York Division Office in Manhattan.

6.  The courier was driving a red 1995 Ford Escort with New York license plate # AWN-9277. On October 18, 2001, I determined that the vehicle was registered to Diego S. Alcantara, residing in Long Island City, Queens, New York. On October 22, 2001, I sent a subpoena to the New York State Department of Motor Vehicles ("NYDMV") to obtain

a photograph of Alcantara.

7.    In late October 2001, I prepared three DEA Reports of Investigation describing the above facts.

8.    After October 2001, I had no additional role in any investigation concerning the above-referenced facts. I understand that in May 2004 a grand jury of the United States District Court for the Southern District of New York returned an indictment against Alcantara (and approximately thirty-three other individuals) that charged Alcantara with conspiracy to launder drug proceeds. I further understand that a United States magistrate judge issued an arrest warrant for Alcantara and that he was subsequently arrested.

9.    I did not testify before the grand jury nor did I provide any written materials to the grand jury. I played no role in the decision to indict Alcantara, nor did I have any role in the arrest of Alcantara or the decision to prosecute Alcantara. I was not even aware that he had been arrested until I learned of this lawsuit in 2007. Apart from conducting the surveillance described above, requesting Alcantara's photograph from the NYDMV, and filling out three Reports of Investigation, I played no role in the investigation, indictment, arrest, or prosecution of Alcantara.

10.    I acted reasonably and believed in good faith that my actions were lawful during my role in the investigation described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 8, 2008

_____

MARK CRANE

3