UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIEGO ALCANTARA,

                  Plaintiff,

                  v.

OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK UC 133, Individually and as an undercover officer for the Office of the Special Narcotics Prosecutor for the City of New York, UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT MARK CRANE, UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT JOHN OLDANO, UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT MICHAEL DELLAMARA, and UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION Group Supervisor NICHOLAS CARUSO, all individual USDOJ DEA Defendants are being sued in their individual capacities,

                  Defendants.

ECF Case

No. 07 Civ. 6480 (JGK)

**DECLARATION OF DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT MICHAEL DELLAMURA**

    Michael Dellamura, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1.     I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration ("DEA") where I have been employed for 12 years.

2.     In October 2001, I was assigned to DEA New York Division Group D-31. I understand that on or about October 15, 2001, a confidential source informed a member of Group D-31 that an individual affiliated with a Colombian money-laundering organization was

seeking to launder approximately $150,000 in United States currency. I further understand that the confidential source provided a prepaid cellular telephone number for the currency courier. I understand that arrangements were made for an undercover officer from the Office of the New York City Special Narcotics Prosecutor (the "UC") to take delivery of the currency from the courier on October 17, 2001. I had no contact with the confidential source.

3. On October 17, 2001, I was assigned to a team of DEA Agents who conducted surveillance of the currency exchange. At approximately 3:20 p.m., I observed the UC greet the courier on the corner of 94th and Broadway in New York City. The UC and the courier engaged in conversation for approximately 10 minutes before parting ways.

4. When the courier and the UC parted ways, I followed the courier to an address in the Bronx, where I observed him enter a residence and emerge carrying a black backpack. DEA surveillance units then followed the courier as he drove from the Bronx to the area of 125th and Broadway, where he delivered the backpack to the UC. After the courier and the UC parted ways a second time, members of the surveillance team followed the UC to the vicinity of 110th Street and Riverside Drive, where the UC gave the backpack to me and another DEA Agent. The other DEA Agent and I discovered that it contained a large amount of United States currency.

5. I transported the currency to the DEA New York Division Office in Manhattan and photographed it. I then sealed it in an evidence bag and placed it in the evidence vault at the DEA New York Division Office.

6. The courier was driving a red 1995 Ford Escort with New York license plate # AWN-9277. I understand that it was later determined that the car was registered to Diego

Alcantara. I played no part in that determination. I did not prepare any report concerning this surveillance because the reports were prepared by other members of the surveillance team.

7. After October 2001, I had no additional role in any investigation concerning Alcantara. I understand that in April and May 2004 a grand jury returned an indictment against Alcantara (and approximately thirty-three other individuals) that charged Alcantara with conspiracy to launder drug proceeds. I further understand that a United States magistrate judge issued an arrest warrant for Alcantara and that he was subsequently arrested.

8. I did not testify before the grand jury, nor did I provide any written materials to the grand jury. I played no role in the decision to indict Alcantara, nor did I have any role in the arrest of Alcantara or the decision to prosecute Alcantara. I was not even aware that he had been arrested until I learned of this lawsuit in 2007. Apart from conducting the surveillance described above and placing the currency in the evidence vault, I played no role in the investigation, indictment, arrest, or prosecution of Alcantara.

9. I acted reasonably and believed in good faith that my actions were lawful during my role in the investigation described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 8, 2008

*Michael Dellamura*
MICHAEL DELLAMURA