UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DIEGO ALCANTARA,

                              Plaintiff,

            -against-

OFFICE OF THE SPECIAL NARCOTICS
PROSECUTOR FOR THE CITY OF NEW YORK
UC 133, Individually and as an undercover officer
for the Office of the Special Narcotics Prosecutor for
the City of New York, UNITED STATES
DEPARTMENT OF JUSTICE DRUG
ENFORCEMENT ADMINISTRATION SPECIAL
AGENT MARK CRANE, UNITED STATES
DEPARTMENT OF JUSTICE DRUG
ENFORCEMENT ADMINISTRATION SPECIAL
AGENT JOHN OLDANO, UNITED STATES
DEPARTMENT OF JUSTICE DRUG
ENFORCEMENT ADMINISTRATION SPECIAL
AGENT MICHAEL DELLAMARA, and UNITED
STATES DEPARTMENT OF JUSTICE DRUG
ENFORCEMENT ADMINISTRATION Group
Supervisor NICHOLAS CARUSO, all individual
USDOJ DEA Defendants are being sued in their
individual capacities,

                              Defendants.

DEFENDANT OFFICE
OF THE SPECIAL
NARCOTICS
PROSECUTOR FOR
THE CITY OF NEW
YORK UC # 133'S
STATEMENT OF
UNDISPUTED FACTS
PURSUANT TO LOCAL
CIVIL RULE 56.1

07 CV 6480 (JGK)

------------------------------------------------------------------------x

        Defendant Office of the Special Narcotics Prosecutor for the City of New York UC # 133 submits this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, to set forth material facts as to which defendant contends there are no genuine issues to be tried:

1.	Plaintiff filed this action on July 17, 2007, alleging claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, as a result of his arrest on or about May 3, 2004, and related criminal prosecution. See generally Complaint.

A.	**Plaintiff's Arrest and Prosecution**

2.	An indictment was filed on or about April 20. 2004, charging plaintiff with conspiracy to commit money laundering and money laundering in violation of the United States Code. Complaint at ¶ 2; Exhibits A and C to the Declaration of David Bober dated August 8, 2008 ("Bober Decl.").

3.	A federal arrest warrant for plaintiff's arrest was signed by United States Magistrate Judge Debra Freeman on April 20, 2004. Complaint at ¶¶ 2, 11; Exhibit B to Bober Decl.

4.	A superseding indictment was filed on or about May 3, 2004. Complaint at ¶ 2; Exhibit C to Bober Decl.

5.	Plaintiff was arrested at his home in Queens, New York, at approximately 6:00 a.m., on May 3, 2004. Complaint at ¶ 11.

6.	Plaintiff was arrested by DEA agents acting pursuant to the arrest warrant. Complaint at ¶ 11; Exhibit B to Bober Decl.

7.	After his arrest, plaintiff was transported to a federal office in Manhattan. Complaint at ¶ 13.

8.	After about an hour at the federal office, plaintiff was transported to the United States Courthouse for the Southern District of New York. Complaint at ¶ 23.

9.	At the courthouse, plaintiff met with an assigned defense attorney. Complaint at ¶ 24.

10. Plaintiff was arraigned that day on charges of conspiring to engage in money laundering and money laundering of narcotics proceeds in violation of federal law. Complaint at ¶¶ 24, 56.

11. The overt act that was the basis of the charges against him was that he had transferred currency to a undercover officer on October 17, 2001, in violation of federal law. Complaint at ¶ 25; Exhibit A to Bober Decl.

12. Beginning on May 3, 2004, plaintiff was in custody for 72 days after his arraignment until July 14, 2007. Complaint at ¶¶ 56, 83.

13. On May 18, 2004, plaintiff hired private counsel. Complaint at ¶ 59.

14. Plaintiff's counsel had various communications with the United States Attorney's office concerning his prosecution over a period of time. Complaint at ¶¶ 59, 61-62, 64-73, 80, 85.

15. On July 14, 2007, a federal judge ordered the amount of his bail reduced and he was released. Complaint at ¶¶ 2, 56, 83.

16. On or about January 8, 2005, plaintiff's counsel was informed by the U.S. Attorney's office that the prosecution had decided to request an order of <u>nolle prosequi</u>. Complaint at ¶ 85.

17. An order of <u>nolle prosequi</u> dismissing the indictment as against plaintiff was entered on January 10, 2005. Complaint at ¶ 2; Exhibit C to Bober Decl.

18. That order stated that "it [had] been concluded that further prosecution of Diego Alcantara would not be in the interests of justice." Exhibit C to Bober Decl.

### B. Operation White Dollar

19. That "Operation White Dollar" investigation was conducted by members of the United States Department of Justice Drug Enforcement Administration ("DEA"). Declaration of Office of the Special Narcotics Prosecutor for the City of New York UC # 133 dated August 25, 2008 ("UC # 133 Decl."), at ¶ 2.

20. Operation White Dollar was comprised of a series of approximately 30 investigations that the Attorney General authorized in September 2001, to permit the DEA to launder drug proceeds as part of a federal narcotics law enforcement effort. UC # 133 Decl. at ¶ 2.

21. As part of this investigation, transactions were arranged between undercover officers and drug money couriers. UC # 133 Decl. at ¶ 3.

22. The purpose was to locate, arrest, and prosecute participants in large narcotics money laundering conspiracies. UC # 133 Decl. at ¶ 2.

23. The money was deposited in undercover bank accounts controlled by the DEA, and was then wired to other bank accounts controlled by suspects. UC # 133 Decl. at ¶ 2.

24. The individually-named defendants and others prepared written reports and court-related documents. Complaint at ¶¶ 29-30.

25. The documentation prepared by DEA agents after the transaction and dated November 4, 2001, and May 7, 2003, reflected that the courier had been "tentatively identified." Complaint at ¶¶ 34, 40-39.[1]

---

[1] As the paragraphs in plaintiff's complaint are not numbered in sequence, this reference is to the second paragraph 39 on page 11.

26. At the time of the October 17, 2001 transfer of money, the courier was driving a vehicle that had been registered to plaintiff. Complaint at ¶¶ 35-36, 45; Declaration of DEA Special Agent Mark Crane dated August 8, 2008 ("Crane Decl."), at ¶ 6; Declaration of DEA Special Agent Michael Dellamura dated August 8, 2008 ("Dellamura Decl."), at ¶ 6; Declaration of DEA Special Agent John Oldano dated August 8, 2008 ("Oldano Decl."), at ¶ 10.

C. **UC # 133's Limited Role in the Investigation**

27. At the time of these events alleged in this lawsuit, UC # 133 was an undercover law enforcement officer in the Office of the Special Narcotics Prosecutor for the City of New York. UC # 133 Decl. at ¶ 1-2.

28. In October of 2001, UC # 133 assisted federal DEA agents in connection with the Operation White Dollar investigation. UC # 133 Decl. at ¶ 2.

29. UC # 133's role in the investigations was limited to transactions in which he arranged one or more meetings with a member or members of a drug money laundering conspiracy, attended the meeting or meetings, took the money from the courier, and then immediately transferred the money to one or more DEA agents. UC # 133 Decl. at ¶ 3.

30. During the meetings, DEA surveillance agents closely monitored UC # 133's activities. UC # 133 Decl. at ¶ 3; Crane Decl. at ¶¶ 3-4; Dellamura Decl. at ¶¶ 3-4; Oldano Decl. at ¶¶ 6-8.

31. UC # 133's role in the Operation White Dollar investigation was limited to prevent his identity from becoming known, therefore compromising his safety and the safety of others involved in the investigations. UC # 133 Decl. at ¶ 4.

32. As a result, the identification of drug money laundering couriers with whom he has come face-to-face has been the responsibility of DEA team members. UC # 133 Decl. at ¶ 4.

33. The identification of suspects was not the responsibility of UC # 133, nor was it his role in the investigation. UC # 133 Decl. at ¶ 3.

34. It was not UC # 133's role to participate in arrests or in the decision to arrest or prosecute anyone related to Operation White Dollar, seek an indictment, testify before a grand jury, or provide information to be presented to a grand jury. UC # 133 Decl. at ¶ 3.

35. UC # 133 was not aware of plaintiff's arrest or prosecution until this lawsuit was filed in 2007. UC # 133 Decl. at ¶ 4.

Dated: New York, New York
      August 29, 2008

    **MICHAEL A. CARDOZO**
    Corporation Counsel of the
      City of New York
    Attorney for Defendant Office of the Special
      Narcotics Prosecutor for the City of New
      York UC # 133
    100 Church Street
    New York, New York 10007
    (212) 227-4071

By: _____/S/_____
    SUSAN P. SCHARFSTEIN (SS 2476)

Index No. 07 CV 6480 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIEGO ALCANTARA,

                                          Plaintiff,

-against-

OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK UC 133, Individually and as an undercover officer for the Office of the Special Narcotics Prosecutor for the City of New York, UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT MARK CRANE, UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT JOHN OLDANO, UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT MICHAEL DELLAMARA, and UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION Group Supervisor NICHOLAS CARUSO, all individual USDOJ DEA Defendants are being sued in their individual capacities,

                                          Defendants.

**DEFENDANT OFFICE OF THE SPECIAL NARCOTICS PROSECUTOR FOR THE CITY OF NEW YORK UC # 133'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendant Office of the Special
Narcotics Prosecutor for the City of New York
UC # 133
New York, N.Y. 10007

*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................................................., 200 . . .*

*................................................................................Esq.*

*Attorney for ..........................................................................*